**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARISSA E. BOOTH,** | ) | |
| **Resides at:** | ) | |
|     8507 North Wayland Avenue | ) | |
|     Kansas City, Missouri 64153 | ) | |
| | ) | **Complaint for a Civil Case** |
|       **Plaintiff,** | ) | |
| | ) | **Case Number:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **HOME DEPOT USA, INC.** | ) | |
| **May be served at:** | ) | |
|     CSC-Lawyers Incorporating | ) | |
|     Service Company | ) | |
|     221 Bolivar Street | ) | |
|     Jefferson City, Missouri 65101 | ) | |
| | ) | |
|       **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, Marissa Booth, by and through her attorneys of record, and for Plaintiff's Complaint against Defendant Home Depot, Inc. alleges and states the following:

## PARTIES

1.    **Plaintiff Marissa Booth** (hereafter "Plaintiff") is a resident and citizen of Platte County, Missouri.  Plaintiff resides at 8507 North Wayland Avenue, Kansas City, Platte County, Missouri 64153.

2.    **Defendant Home Depot, Inc.,** (hereafter "Defendant Home Depot" or "Home Depot") is a Delaware corporation with its principal office located at 2455 Paces Ferry Road, Atlanta, GA 30339.  Defendant Home Depot is registered to do business, and is doing business, in Missouri and may be served through its Registered Agent and/or Office located at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.  Defendant Home

Depot is the largest home improvement retailer in the United States, supplying tools, construction products, and services. Defendant Home Depot's activities in the state of Missouri are so substantial and of such a nature as to render Defendant Home Depot at home in the state of Missouri. At the time of filing, Defendant Home Depot had approximately thirty-four retail stores in the state of Missouri, a substantial number of associates or employees in the state of Missouri and maintained a Registered Agent and/or Office located at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101

## JURISDICTION AND VENUE

3.     Jurisdiction and Venue are proper before this Honorable Court in that Plaintiff maintains her principal place of residence in Platte County, Missouri; the injuries suffered by Plaintiff and circumstances surrounding them occurred in Platte County, Missouri; and, the actions or inactions of Defendant Home Depot referenced in this Complaint occurred in Platte County, Missouri.

4.     Jurisdiction is proper before this Honorable Court because Plaintiff is a citizen of the State of Missouri; Defendant Home Depot is incorporated under the laws of the State of Delaware and its principal office is in the State of Georgia; and, the amount in controversy is more than $75,000.00, not counting interest and costs of the court.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

5.     All actions and inactions of Defendant Home Depot alleged in this Petition were performed by Defendant Home Depot and/or its agents, representatives or employees, who at all times were acting within the course and scope of their agency relationship or employment with Defendant Home Depot.

6.      At all times relevant to this cause of action, Defendant Home Depot was the owner and/or operator of The Home Depot, Store #8460, located at 8900 NW Skyview Avenue, Kansas City, MO 64154 (hereafter "The Home Depot #8460").

7.      Defendant Home Depot utilized The Home Depot #8460 for the purposes of establishing, providing and promoting its retail business and other customer services.

8.      At all times relevant, The Home Depot #8460 had the right to control the hiring, training, supervision, retention and firing of its agents, representatives or employees, including its employees working at The Home Depot #8460.

9.      At all times relevant, Plaintiff, Anthony Castelletto and their young son, E.C. (DOB: 08/08/2017), were invitees of Defendant Home Depot and legally on Defendant Home Depot's premises.  Plaintiff and Anthony Castelletto were on Defendant Home Depot's premises for the mutual benefit of themselves and Defendant Home Depot and at the invitation of Defendant Home Depot.

10.      At all times relevant to this cause of action, the agents, representatives or employees of Defendant Home Depot and/or The Home Depot #8460 mentioned herein were acting in the course and scope of their agency relationship or employment with Defendant Home Depot.  Therefore, Defendant Home Depot is liable for the acts or inactions of its agent and/or employees mentioned herein.

11.      At all relevant times, Defendant Home Depot owed a duty to its customers and invites, including Plaintiff, to protect them from injury.  Defendant Home Depot failed to execute this duty and Defendant Home Depot's failure to execute this duty resulted in severe, permanent and disabling injuries to Plaintiff as more fully described herein.

12.     At all relevant times, the deeds, acts, omissions and knowledge attributed to Defendant Home Depot were performed, omitted or known by Defendant Home Depot by and through its agents, representatives or employees acting within the course and scope of their agency relationship or employment with The Home Depot #8460 and/or Defendant Home Depot.

13.     Prior to November 14, 2017, Defendant Home Depot knew, or in the existence or ordinary care should have known the following:

a. Between 2009 and 2014, Defendant Home Depot was cited more than one-hundred and twenty (120) times for safety and health violations.

b. Between 2005 and 2013, Defendant Home Depot's powered vehicles or loaders have been the cause of over one hundred (100) fatalities or injuries.

c. Defendant Home Depot has been repeatedly cited by the Occupational Safety and Health Administration (Hereafter "OSHA") for failing to appropriately evaluate the performance of its employees responsible for operation of lifts or loaders.

d. Defendant Home Depot has been repeatedly cited by OSHA for willfully failing to repair and/or timely take powered industrial trucks or loaders out of service.

e. Defendant Home Depot has been repeatedly cited by OSHA for continually failing to appropriately examine and/or inspect powered industrial trucks or loaders for defects.

14.     Prior to November 14, 2017, there was a sufficient and significant history of reports of safety and health violations, fatalities, injuries, and/or inadequate repair, inspection, and/or evaluation of powered vehicles, lifts, and/or loaders owned, leased and/or otherwise possessed and operated by Defendant Home Depot or its agents, representatives and/or employees. This history is sufficiently numerous and recent enough to put Defendant Home Depot on notice, both actual and constructive, that there was a likelihood of danger to the safety of Defendant Home Depot's patrons,

customers or invites, including Plaintiff. This history demonstrates a breach of Defendant Home Depot's respective duty to take reasonable steps to prevent foreseeable danger to patrons, customers or invites, including Plaintiff, and/or warn of such known or foreseeable dangers.

15. On November 14, 2017, Defendant Home Depot maintained and controlled the premises on which Plaintiff was injured, specifically The Home Depot #8460.

16. On November 14, 2017, the actions and/or inactions of Defendant Home Depot permanently and severely injured Plaintiff while she was at The Home Depot #8460.

17. On November 14, 2017, Plaintiff and Anthony Castelletto went to The Home Depot #8460 with their young son, E.C.

18. On November 14, 2017, Plaintiff, Anthony Castelletto and E.C. entered The Home Depot #8460 and proceeded to the rear of the store. When they got to the rear of the store, there was a loader/lift (hereafter "The Loader") located in the aisle where they were looking at doors/merchandise that was owned, leased and/or otherwise possessed by The Home Depot #8460.

19. An agent, representative or employee of The Home Depot #8460 began moving The Loader and nearly violently struck Plaintiff. As a result, Plaintiff, who was holding E.C., was forced to quickly move out of the way to avoid being hit. The actions and/or inactions of the agent, representative or employee of The Home Depot #8460 caused Plaintiff to bump a metal rack, which was negligently secured or hung, full of caulking tubes that subsequently fell and struck her in the head and body.

20. As a result of the actions and/or inactions of the agent, representative or employee of The Home Depot #8460 and the negligently secured or hung metal rack full, Plaintiff suffered severe and permanent injuries.

21. Plaintiff's permanent and severe injuries were foreseeable to Defendant Home Depot.

22.     Defendant Home Depot had actual or constructive notice of the dangers and hazards of its agents and/or employees performing the acts stated herein, including the operation of The Loader and/or negligently securing or hanging the metal rack.  Defendant Home Depot made no effort to stop the actions of its agents and/or employees, investigate the actions of its agents and/or employees, remedy or otherwise make safe the dangerous conditions referenced herein, or warn Plaintiff of the dangerous conditions referenced herein.

23.     Defendant Home Depot owed Plaintiff a duty of care because a special relationship existed between Defendant Home Depot and Plaintiff who was an invitee and who entrusted herself to the protection of Defendant Home Depot.  Plaintiff relied upon Defendant Home Depot to provide a safe place to be present.

24.     Prior to the time of Plaintiff's injuries, Defendant Home Depot knew the operation of The Loader and negligently secured or hung metal rack presented a danger to invitees of The Home Depot #8460, including Plaintiff.

25.     Prior to the time of Plaintiff's injuries, Defendant Home Depot knew or had reason to know of their negligent hiring, training, supervision and retention of the employee who operated The Loader.

26.     Prior to the time of Plaintiff's injuries, Defendant Home Depot knew or had reason to know of the dangerous conditions inside The Home Depot #8460 referenced herein.

27.     At all times relevant, Defendant Home Depot had actual or constructive notice of the presence and actions of its agents, representatives, or employees on the premises of The Home Depot #8460 described herein.  The actions and/or inactions of Defendant Home Depot's agents and/or employees on the premises of The Home Depot #8460 presented an unreasonably dangerous condition and unsafe risk to patrons and invitees of The Home Depot #8460, including Plaintiff.  The

unreasonably dangerous conditions and unsafe risks presented by Defendant Home Depot were caused or contributed to be caused by the actions and/or inactions described herein of Defendant Home Depot's agents, representatives or employees.

28.     Prior to the time of Plaintiff's injuries, Defendant Home Depot knew, or in the existence of ordinary care should have known that allowing its agents, representatives or employees to conduct the actions described herein increased the risk of immediate and future injury to invitees, including Plaintiff.

29.     As a matter of law, Defendant Home Depot owed a duty to Plaintiff to make safe the dangerous conditions they knew or should have known about, to implement procedures and practices to make the premises safe, and/or to warn of the dangerous conditions they knew or should have known about.

30.     On November 14, 2017, the actions or inactions of Defendant Home Depot, including the failure to act as a reasonably prudent company providing a safe environment for Plaintiff and invitees to walk and/or stand, directly caused or contributed to cause the injuries to Plaintiff described herein.

31.     On November 14, 2017, the actions and/or inactions of Defendant Home Depot permanently and severely injured Plaintiff.

32.     At all relevant times, Defendant Home Depot was negligent in its hiring, training, supervision and/or retention of its agents and/or employees.

33.     Plaintiff's permanent and severe injuries were foreseeable to Defendant Home Depot based on the actions and/or inactions of Defendant Home Depot.

34.     Defendant Home Depot's agents and/or employees had actual or constructive notice of the dangers and hazards of allowing its agents and/or employees to perform the acts or inactions stated herein.

35.     On November 14, 2017, Defendant Home Depot had sufficient time to prevent and/or minimize the injuries suffered by Plaintiff.

36.     On November 14, 2017, Defendant Home Depot failed to use ordinary care in implementing and/or following reasonable safety measures, including, but not limited to: (1) removing invitees, including Plaintiff, from the area and/or aisle before operating The Loader; (2) barricading the area and/or aisle from invitees, including Plaintiff, before operating The Loader; (3) warn of the impending dangerous conditions related to the operation of The Loader; (4) adequately secure or hang the metal rack; and/or (5) warn of the impending dangerous conditions related to the metal rack.

37.     Defendant Home Depot owed and/or assumed a duty of providing a safe environment for Plaintiff to be yet failed to provide adequate safety measures or otherwise provided negligent safety measures on November 14, 2017.

38.     Plaintiff has suffered great pain and anguish of body and mind due to injuries caused by the negligent, egregious and outrageous acts and/or omissions of Defendant Home Depot. By reason of these injuries and the effects thereof, Plaintiff is obligated for numerous medical bills, hospital bills, drugs and related expenses. The resulting required medical treatment has caused Plaintiff to incur transportation costs. Plaintiff has been caused to suffer great physical pain and mental anguish and will also suffer in the future. All such permanent injury, pain and suffering have damaged Plaintiff greatly. Plaintiff has, and will in the future, incur medical expenses and experience pain, suffering and loss of enjoyment of life.

39. As a direct and proximate result of the actions or inactions of Defendant Home Depot described herein, Plaintiff has suffered and/or will continue to suffer injuries and damages, including, without limitation, some or all of the following:

    a. Severe, permanent and progressive injuries to her head and body;

    b. Past and future medical, hospital and/or life care-related expenses;

    c. Past and future pain and suffering;

    d. Past and future emotional and physical distress;

    e. Past and future lost wages, lost income and/or loss of earnings capacity; and

    f. Past and future anxiety, mental anguish, and loss of enjoyment of life.

## COUNT I - NEGLIGENCE

40. Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above and herein as if they were fully incorporated in this count.

41. At all times relevant herein, Defendant Home Depot maintained control over the aforementioned premises and was solely responsible for its care, maintenance and safety. In addition, Defendant Home Depot is vicariously liable for the actions or inactions of its agents, representatives or employees.

42. Defendant Home Depot owed a duty to the patrons and invitees of The Home Depot #8460, including Plaintiff, to make safe the dangerous conditions it knew of or should have known of on its premises or otherwise provide adequate warning of them.

43. Defendant Home Depot knew, or by using ordinary care could and should have known, that the operation of The Loader inside The Home Depot #8460 was deceptive, hazardous and/or posed a dangerous condition. Defendant Home Depot had time to have remedied such

deceptive, hazardous and/or dangerous condition(s) and make them safe or otherwise warn of them.

44. Defendant Home Depot knew, or by using ordinary care could and should have known, that the metal rack full of caulking tubes located inside The Home Depot #8460 was deceptive, hazardous and/or posed a dangerous condition and/or not maintained in a reasonably safe manner or condition. Defendant Home Depot had time to have remedied such deceptive, hazardous and/or dangerous condition(s) and make them safe or otherwise warn of them.

45. Defendant Home Depot owed a duty to Plaintiff to provide reasonable and adequate safety measures in The Home Depot #8460.

46. On November 14, 2017, Defendant Home Depot breached its duty to Plaintiff in one or more of the following respects and thereby Defendant Home Depot was negligent and failed to use ordinary care:

    a. Failing to provide reasonable, appropriate, adequate or effective safety measures;

    b. Failing to take reasonable measures to ensure the safety of Plaintiff;

    c. Failing to follow all applicable safety measures, policies or procedures;

    d. Failing to reasonably and properly hire, screen, train, supervise, retain or fire its employees and/or agents who operated The Loader;

    e. Failing to reasonably and properly hire, screen, train, supervise, retain or fire its employees and/or agents who hung, secured or stocked the metal rack;

    f. Employing agents, representatives or employees who lacked sufficient safety training and/or experience;

    g. Failing to ensure that no patrons, including Plaintiff, were in the aisle or otherwise near The Loader during its operation;

Case 5:21-cv-06043-RK   Document 1   Filed 04/15/21   Page 10 of 21

h.  Failing to remove invitees and patrons, including Plaintiff, from the area and/or aisle before operating The Loader;

i.  Failing to properly cordon off the area and/or aisle where The Loader was located or operated from invitees and patrons, including Plaintiff, or before conducting a task that could present a danger to an invitee;

j.  Failing to warn invitees and patrons, including Plaintiff, of the impending dangerous conditions at The Home Depot #8460, including the operation of The Loader and the metal rack;

k.  Failing to reasonably, safely and/or appropriately operate The Loader;

l.  Failing to reasonably, safely and/or appropriately secure or hang the metal rack;

m.  Failing to reasonably, safely and/or appropriately stock the metal rack;

n.  Failing to monitor and/or eliminate the dangerous conditions at The Home Depot #8460, including The Loader or metal rack;

o.  Failing to correct any unreasonably dangerous or unsafe condition created by agents, representatives or employees of Defendant Home Depot described herein;

p.  Failing to recognize all unreasonable risks of injury to Plaintiff;

q.  Failing to adequately assess safety violation trends and/or past safety violations so as to protect against future foreseeable safety violations;

r.  Failing to adequately observe and/or monitor the actions of its employees and/or agents; and/or

s.  Failing to properly assess the risk of injury to patrons at The Home Depot #8460, including Plaintiff.

47.     The actions and/or inactions of Defendant Home Depot described herein was the direct and proximate cause or contribution of Plaintiff's injuries.

48.     As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe, permanent and disabling injuries.

49.     As a direct and proximate result of the actions or inactions of Defendant Home Depot described herein, Plaintiff has suffered and/or will continue to suffer injuries and damages, including, without limitation, some or all of the following:

    a.    Severe, permanent and progressive injuries to her head and body;

    b.    Past and future medical, hospital and/or life care-related expenses;

    c.    Past and future pain and suffering;

    d.    Past and future emotional and physical distress;

    e.    Past and future lost wages, lost income and/or loss of earnings capacity; and

    f.    Past and future anxiety, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant Home Depot, for damages, including pre- and post-judgment interest, in a fair and reasonable amount and for other relief as is deemed appropriate by the Court.

## COUNT II – PREMISES LIABILITY

50.     Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above and herein as if they were fully incorporated in this count.

51.     Plaintiff was an invitee of Defendant Home Depot.

52.     Defendant Home Depot owed a duty to exercise reasonable care to protect Plaintiff against dangerous conditions Defendant Home Depot knew or reasonably should have known about.

53.     Defendant Home Depot owed a duty to exercise reasonable care to warn Plaintiff of dangerous conditions Defendant Home Depot knew or reasonably should have known about.

54.     Plaintiff entrusted her protection to Defendant Home Depot and/or relied upon Defendant Home Depot to provide a place of safety.

55.     The deceptive, hazardous and/or dangerous conditions of The Home Depot #8460 reference herein, including The Loader and the metal rack, presented a danger to Plaintiff and/or were the result of Defendant Home Depot's failure to use ordinary care.

56.     Defendant Home Depot knew or in the exercise of reasonable diligence should have known that the metal rack inside The Home Depot #8460 was in a deceptive, hazardous and/or dangerous condition.

57.     Defendant Home Depot knew or in the exercise of reasonable diligence should have known that the presence and/or operation of The Loader inside The Home Depot #8460 created a deceptive, hazardous and/or dangerous condition.

58.     Defendant Home Depot had superior knowledge of the deceptive, hazardous and/or dangerous condition(s) referenced herein.

59.     Defendant Home Depot failed to exercise reasonable or ordinary care to protect Plaintiff from or warn her of the deceptive, hazardous and/or dangerous condition(s) referenced herein.

60.     Defendant Home Depot expected, or in the exercise of reasonable care should have expected, that Plaintiff would not discover or be aware of the deceptive, hazardous and/or dangerous conditions(s) referenced herein.

61.     Defendant Home Depot should have expected that Plaintiff would fail or be unable to protect herself from the deceptive, hazardous and/or dangerous conditions referenced herein.

62.     The deceptive, hazardous and/or dangerous conditions referenced herein were not obvious to Plaintiff.

63.     Defendant Home Depot knew or should have reasonably anticipated that Plaintiff would or could be exposed to the deceptive, hazardous and/or dangerous condition(s) referenced herein.

64.     Plaintiff did not know of the deceptive, hazardous and/or dangerous conditions referenced herein.

65.     The injuries and damages incurred and suffered by Plaintiff were caused in whole or in part by the deceptive, hazardous and/or dangerous conditions referenced herein.

66.     The deceptive, hazardous and/or dangerous conditions referenced herein created a reasonably foreseeable risk of the kind of injury or damages that were suffered by Plaintiff.

67.     The incident at issue was foreseeable to Defendant Home Depot because Defendant Home Depot knew or should have known that the deceptive, hazardous and/or dangerous condition(s) referenced herein posed a danger to Plaintiff.  Moreover, as to Defendant Home Depot's past safety violations that have been repeatedly cited by OSHA, Defendant Home Depot's premises has been the site of numerous safety violations in the past.

68.     Defendant Home Depot and its agents and/or employees had actual or constructive notice of the deceptive, hazardous and/or dangerous condition(s) referenced herein.

69.     As a direct and proximate result of the negligent and/or careless actions or inactions of Defendant Home Depot as described herein, Plaintiff has suffered damages and/or injuries which Plaintiff is entitled to recover from Defendant Home Depot.

70.     As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe, permanent and disabling injuries.

71.     As a direct and proximate result of the actions or inactions of Defendant Home Depot described herein, Plaintiff has suffered and/or will continue to suffer injuries and damages, including, without limitation, some or all of the following:

      a.  Severe, permanent and progressive injuries to her head and body;

      b.  Past and future medical, hospital and/or life care-related expenses;

      c.  Past and future pain and suffering;

      d.  Past and future emotional and physical distress;

      e.  Past and future lost wages, lost income and/or loss of earnings capacity; and

      f.  Past and future anxiety, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant Home Depot, for damages, including pre- and post-judgment interest, in a fair and reasonable amount and for other relief as is deemed appropriate by the Court.

## COUNT III - NEGLIGENT HIRING/RETENTION

72.     Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above and herein as if they were fully incorporated in this count.

73.     At all times prior to the aforementioned incident, Defendant Home Depot had a duty to adequately screen potential employment candidates to ensure that they were fit and able to perform required tasks with care and competence and without exposing invitees of The Home Depot #8460, including Plaintiff, to unnecessary danger.

74.     At all times prior to the aforementioned incident, Defendant Home Depot had a duty to monitor and review its employees' performance to ensure that they were fit and able to perform required tasks with care and competence and without exposing invitees of The Home Depot #8460, including Plaintiff, to unnecessary danger.

75.     Defendant Home Depot failed in these duties by hiring one or more agents and/or employees who were unqualified to perform the required tasks due to their work history, inexperience, lack of skill, lack of training, lack of knowledge, and/or physical medical condition.

76.     Defendant Home Depot failed in these duties by hiring and/or retaining one or more agents and/or employees who were not able or not willing to safely perform their job duties.

77.     Defendant Home Depot failed in these duties by hiring and/or retaining one or more agents and/or employees who were not able or not willing to provide reasonable safety measures in a careful and conscientious manner.

78.     Defendant Home Depot knew, or by the exercise of reasonable care could have known, that one or more of its agents and/or employees were not qualified, not capable or were not willing to safely perform their job duties.

79.     Defendant Home Depot knew, or by the exercise of reasonable care could have known, that one or more of its agents and/or employees were not qualified, not capable or were not willing to exercise appropriate care in providing reasonable safety measures for Defendant Home Depot's invitees, including Plaintiff.

80.     As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe, permanent and disabling injuries.

81.     As a direct and proximate result of the actions or inactions of Defendant Home Depot described herein, Plaintiff has suffered and/or will continue to suffer injuries and damages, including, without limitation, some or all of the following:

        a.   Severe, permanent and progressive injuries to her head and body;

        b.   Past and future medical, hospital and/or life care-related expenses;

        c.   Past and future pain and suffering;

d.  Past and future emotional and physical distress;

e.  Past and future lost wages, lost income and/or loss of earnings capacity; and

f.  Past and future anxiety, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant Home Depot, for damages, including pre- and post-judgment interest, in a fair and reasonable amount and for other relief as is deemed appropriate by the Court.

## COUNT IV - NEGLIGENT TRAINING

82.  Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above and herein as if they were fully incorporated in this count.

83.  At all times prior to the aforementioned incident, Defendant Home Depot had a duty to adequately train its employees to perform required tasks with care and competence and without exposing invitees of The Home Depot #8460, including Plaintiff, to unnecessary danger.

84.  Defendant Home Depot's duty to train its employees included, but was not limited to, training them to:

a.  Reasonably and safely operate The Loader;

b.  Reasonably and safely hang, secure or stock the metal rack;

c.  Learn, understand and follow all necessary internal protocols and procedures;

d.  Learn, understand and follow all applicable local and federal laws and regulations pertaining to the employee's functions;

e.  Understand that they are performing tasks in a space open to business invitees and be aware of the presence of invitees;

f.  Understand that they are performing tasks in a space open to business invitees and be aware of the presence of dangerous conditions;

g. Recognize dangerous conditions and/or unreasonable risks of injury to invitees;

h. Provide reasonable and effective security;

i. To take reasonable measures to ensure the safety of invitees, including Plaintiff, of The Home Depot #8460;

j. Provide sufficiently visible safety measures;

k. Prevent its invitees from foreseeable dangers and safety hazards;

l. Warn invitees of foreseeable and/or known dangers and safety hazards;

m. Take reasonable steps to ensure that invitees of The Home Depot #8460 were not exposed to foreseeable and/or known dangers and safety hazards;

n. Detect and/or investigate known or foreseeable dangerous conditions and safety hazards;

o. Adequately and properly observe and/or monitor the actions of its agents and/or employees;

p. Adequately and properly hire, train, retain, supervise or fire employees of Defendant Home Depot;

q. Properly assess the risk of injury to invitees of The Home Depot #8460;

r. Properly cordon off areas of the store when an employee is conducting a task that could represent a danger to an invitee; and/or

s. Properly warn invitees of potential dangers and/or safety hazards.

85. Defendant Home Depot failed in these duties by neglecting to properly train one or more of its employees in one or more of the above areas.

86. Defendant Home Depot knew, or by the exercise of reasonable care should have known, that one or more of its employees were not trained in the appropriate manner and that such failure presented a potential danger to invitees such as Plaintiff.

87. As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe, permanent and disabling injuries.

88. As a direct and proximate result of the actions or inactions of Defendant Home Depot described herein, Plaintiff has suffered and/or will continue to suffer injuries and damages, including, without limitation, some or all of the following:

    a. Severe, permanent and progressive injuries to her head and body;

    b. Past and future medical, hospital and/or life care-related expenses;

    c. Past and future pain and suffering;

    d. Past and future emotional and physical distress;

    e. Past and future lost wages, lost income and/or loss of earnings capacity; and

    f. Past and future anxiety, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant Home Depot, for damages, including pre- and post-judgment interest, in a fair and reasonable amount and for other relief as is deemed appropriate by the Court.

## COUNT V - NEGLIGENT SUPERVISION

89. Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above and herein as if they were fully incorporated in this count.

90. Defendant Home Depot owed the general public and its invitees, including Plaintiff, a duty to continuously evaluate the performance of its agents, representatives and employees,

including through supervision, and to discharge any incompetent or unsafe employees and agents before he/she injured or damaged a member of the public or property.

91.     Defendant Home Depot had a duty to not allow, require or permit any employee and agent to perform their job duties, while the employee and agent's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to do so.

92.     Defendant Home Depot had a duty to safely, adequately and/or reasonably supervise its employees and agents to ensure that they act in a competent and safe manner, properly perform their job duties, and do not cause harm to the general public and/or its invitees, including Plaintiff.

93.     Defendant Home Depot had a duty to ensure that its employees and agents were continuously physically and mentally qualified to act in a safe manner and not cause harm to the general public and its invitees, including Plaintiff.

94.     Defendant Home Depot had a duty to maintain an employee or agent qualification and/or employment file for each of its agents, representatives and employees, including employees who might or were otherwise allowed to interact with the general public or its invitees or perform work at Defendant Home Depot's stores.

95.     Defendant Home Depot breached its duties to the general public, including Plaintiff, by failing to properly, safely, adequately and/or reasonably supervise its agents, representatives and/or employees.

96.     The actions and/or inactions of Defendant Home Depot to reasonably supervise its agents, representatives or employees described herein directly caused or contributed to cause Plaintiff to suffer damages and severe, progressive and permanent injuries.

97.     As a direct and proximate result of the actions or inactions of Defendant Home Depot described herein, Plaintiff has suffered and/or will continue to suffer injuries and damages, including, without limitation, some or all of the following:

    a.  Severe, permanent and progressive injuries to her head and body;

    b.  Past and future medical, hospital and/or life care-related expenses;

    c.  Past and future pain and suffering;

    d.  Past and future emotional and physical distress;

    e.  Past and future lost wages, lost income and/or loss of earnings capacity; and

    f.  Past and future anxiety, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant Home Depot, for damages, including pre- and post-judgment interest, in a fair and reasonable amount and for other relief as is deemed appropriate by the Court.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues of fact and damages to the fullest extent of their rights.

**Respectfully Submitted,**

        **STIGALL WHITWORTH, LLC**
        By:___*/s/ James Stigall*_____
        **James F. Stigall**      **#65391**
        **Luke G. Whitworth**   **#67233**
        1100 Main Street, Suite 2600
        Kansas City, MO 64105
        Phone: (816) 876-2600
        Fax: (816) 221-8763
        James@StigallWhitworth.com
        Luke@StigallWhitworth.com
        **ATTORNEYS FOR PLAINTIFF**